## John G. Carter v. Eliza S. Lewis.

*Mortgages: Foreclosure: Redemption: Subsequent mortgagee.* A subsequent mortgagee may redeem a prior mortgage which has been foreclosed by advertisement under the statute.

*Mortgages: Redemption: Register of deeds.* While the register of deeds has no authority under the statute to receive any thing but money in redemption of a foreclosed mortgage, yet when one desiring to redeem goes to the register prepared to pay the money, and offers to pay it, and the register, knowing the amount, but being too busy to count the money, requests him to place the money in a bank and give a check for the amount, and he does so, and the register, after the expiration of the time for redemption, receives for the check a certificate of deposit in his own name for the amount, it can not be said that this is not such a payment of the money to the register as operates under the statute to redeem the mortgage.

*Heard May 1.    Decided May 6.*

Appeal in Chancery from Jackson Circuit.

*Gibson & Wolcott,* for complainant.

*Melville McGee,* for defendant.

GRAVES, J.

The complainant filed this bill to settle his right as a subsequent mortgagee, to redeem a prior mortgage which had been foreclosed at law, and to obtain an adjudication upon the effect of measures taken to produce such redemp-

tion.    The sale under the foreclosure at law of the prior
mortgage was made on the first day of November, 1870,
and the time given by the statute for redemption in such
cases is one year from the sale.    Before the expiration of
the year, and on the 30th day of October, 1871, the com-
plainant called on the register of deeds at his office, for the
purpose of making redemption pursuant to the statute, and
the circumstances which then occurred are claimed by him
to have worked such redemption.    The defendant main-
tains that complainant was in no situation to redeem, but
if he was, that the course taken was ineffectual.    The court
below decreed that complainant was entitled to redeem, and,
moreover, that the acts done amounted to a redemption.
From that decree the defendant has appealed, and she makes
two objections.

The first, which was faintly pressed on the hearing, is
supposed to be supported by the terms of § *6922, Comp. L.*,
where provision is made for redemption in cases of fore-
closure under the power of sale.    It is said that in this
state, and at the present time, a mortgagee can hardly be
considered as holding "under" the mortgagor so as to come
within the description of the class allowed to redeem within
the year from the sale made under the power.

While we do not admit that this statute, which was
made to regulate the exercise of the power of sale, would
preclude a subsequent mortgagee from redeeming, even if
the terms were such as to confine the right to those hold-
ing "under" the mortgagor, we find that another passage
in the law, which seems to have been overlooked, is so
plain and ample as to take away all pretense for the objec-
tion.    The right to redeem is not only given to "any
person lawfully claiming under," but likewise to "any per-
son lawfully claiming *from*" the mortgagor, and certainly
there is no possible room for saying that the mortgagee
does not *claim from* the mortgagor.

In support of the second objection it is urged that the
register of deeds is allowed to receive nothing but money

for redemption where the proceeding, as was the case here, is left where the statute leaves it; but that the register in this instance received the private check of complainant, and not money.   We do not question the proposition, that the register has no authority from the statute to receive any thing besides money, and the circumstances require no opinion as to what would be the effect upon the mortgage and foreclosure proceedings caused by his cancelling the foreclosure deed and noting the mortgage record as satisfied, when he had received something besides money in redemption.   According to the admitted facts, when fairly considered, the complainant did pay the amount in money to the register.   It was not essential that there should be a transit of the money from the hand of the complainant to the hand of the register; nor was it indispensable that the sum should in dollars and cents be counted out in lawful money at the moment, and left in the room where the register had his office, or placed about his person.   The form and shell of the transaction could be of no moment. The law requires payment to the register, and if the proceeding is marked by good faith, and a payment is understood, and the money is actually lodged at some convenient and proper place, in exact accordance with the wish and direction of the register, it is a payment to the register.

The question in the present case is not whether, by the mode adopted, there was a chance that payment might not be accomplished, but it is whether in point of fact it was accomplished within the time.   Now, the real import of what took place cannot be mistaken.   The complainant was prepared to pay the money and desired to pay it.   He was not seeking to pass off his check as payment.   He offered the register lawful money and desired him to accept it.   The latter being too busy to count it, but knowing the amount which was needed, for his own personal convenience, and merely to save the necessity of counting, hit upon the expedient of taking a check for the amount, and procured the complainant to leave the money in bank

where the check would apply to it. The check, as a substitute for the counting, was given as requested, and the money remained in the bank subject to the register's call, and in the course of three or four days the latter called with the check and found the money ready. It had been there all the time. Instead of drawing the cash the register then took a certificate of deposit, which he preferred to hold in lieu of money.

Now, when in good faith and in precise accordance with the express direction of the register, and who does not appear to have questioned the transaction as a payment, the complainant gave his check and provided and kept the money at the bank in completion and execution of the scheme of payment, the money was paid "*to the register*" and was in his hands for those entitled to it as redemption money.

The decree below should be affirmed, with costs.

The other Justices concurred.